UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8898 DMG (PJWx)** | Date | April 12, 2016 |
|---|---|---|---|

| Title | *Zachary Lake v. Roca Labs, Inc., et al.* | Page | 1 of 3 |
|---|---|---|---|

| Present: | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff(s)    Attorneys Present for Defendant(s)
None Present    None Present

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS, STAY, OR TRANSFER AND PLAINTIFF'S MOTION TO REMAND [10, 11]**

On November 24, 2015, Defendants Don Juravin, Roca Labs, Inc., Roca Labs, Nutraceutical U.S.A., Inc., and George C Whiting filed a Motion to Dismiss. [Doc. # 10.] On December 1, 2015, Plaintiff Zachary Lake filed a Motion to Remand. [Doc. # 11.]

For the reasons set forth below, Lake's Motion to Remand is **GRANTED**, and Defendants' Motion to Dismiss is **DENIED** as moot.

# I.
# BACKGROUND

On October 19, 2015, Plaintiff Zachary Lake filed a First Amended Class Action Complaint ("FAC") in Los Angeles County Superior Court against Defendants alleging that they advertised, marketed, distributed, or sold a procedure, known as the Roca Labs Formula ("the Formula"), to consumers for weight loss, stomach shrinkage, and the treatment of obesity and diabetes. FAC ¶¶ 11-12 [Doc. # 1-3]; Notice of Removal ¶ 6. Lake alleges that Defendants made claims—e.g., the Formula creates a "shrinking stomach in 4-6 months"—to induce overweight, obese, and diabetic consumers to purchase the Formula. *Id.* ¶ 15.

Lake further alleges that Defendants represented the Formula as being a product approved by the Food and Drug Administration ("FDA"), "despite the fact that weight loss supplements are never FDA approved." *Id.* ¶¶ 17-18. In his fraud claim, Lake references a complaint that the Federal Trade Commission filed in the United States District Court, Middle District of Florida against Defendants for advertising, marketing, promoting, and selling certain dietary supplements, including the Formula. *Id.* ¶ 80.
//

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-8898 DMG (PJWx)** | Date | April 12, 2016 |
| Title | *Zachary Lake v. Roca Labs, Inc., et al.* | Page | 2 of 3 |

## II.
## LEGAL STANDARD

A defendant may remove an action to federal court only where there is either complete diversity among the parties or federal question jurisdiction. 28 U.S.C. § 1441. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). Courts strictly construe the removal statute against removal jurisdiction and remand the case if there is any doubt as to the defendant's right to removal. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citations omitted).

## III.
## DISCUSSION

The relevant question in determining the existence of a substantial federal issue is whether a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

Here, Lake alleges only state law claims: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200 *et seq.*; (2) violation of California's Consumer Legal Remedies Act ("CLRA"), section 1750 *et seq.*; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500 *et seq.*; (4) negligent misrepresentation; and (5) fraud. FAC ¶¶ 35-91. Defendants argue that this Court has jurisdiction over the case because Lake's FAC raises the following federal questions:

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-8898 DMG (PJWx)** | Date | April 12, 2016 |
|---|---|---|---|

| Title | *Zachary Lake v. Roca Labs, Inc., et al.* | Page | 3 of 3 |
|---|---|---|---|

(1) whether defendants allegedly violated statutes enforced by or regulations promulgated by the Federal Trade Commission, as well as a Fourth Cause of Action against all defendants that is based on the identical allegations as a Federal Trade Commission Complaint filed against defendants; and (2) whether defendants made misrepresentations regarding FDA approval or non-approval of their products.

Notice of Removal ¶2. Defendants point out that "[i]n five places, the First Amended Complaint contains allegations regarding the [FDA's] approval or lack of approval of defendants' dietary supplemental products" or the FDA's authority to regulate Defendants' facilities that manufacture those products. *Id.* ¶8.

While Lake does mention the FDA several times in the FAC, the Court need not interpret federal law to adjudicate his five state law claims. For instance, even though the FDA-approval question goes to the issues of negligent misrepresentation and fraud, resolving those claims do not depend upon the resolution of a substantial question of federal law. Put differently, whether Defendants misrepresented that the FDA approved the Formula does not raise a federal question. Even if the Court engages in an analysis of the FDA's regulatory scheme to understand its approval process, such analysis would be minor, not substantial. *See Nevada v. Bank of America Corp.*, 672 F.3d 661, 675 (9th Cir.2012) (no federal question jurisdiction where "the federal issues ... [were] not 'pivotal' to [Plaintiff's] case"); *Little v. USPLabs LLC*, 2014 WL 1660237, *3 (N.D. Cal. Apr. 25, 2014) (complaint's references to the FDA does not automatically confer federal jurisdiction, when such references play a minor part in Plaintiff's case).

As to Defendants' concerns regarding the Federal Trade Commission, Lake mentioned the FTC once in the FAC in reference to a Florida district court lawsuit that allegedly involved the same Defendants, who marketed and sold the Formula. FAC ¶ 80. Lake's allegations about the Florida lawsuit do not raise an "actually disputed and substantial" federal issue in this case, which involves purely state law causes of action.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiff's motion to remand is **GRANTED**. Defendants' motion to dismiss is **DENIED** without prejudice as moot. The case is hereby remanded to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**